# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2013

Lyle W. Cayce
Clerk

No. 13-40386
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE LUIS HERNANDEZ-ZAVALA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-1234-1

Before DAVIS, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Luis Hernandez-Zavala (Hernandez) appeals the 262-month sentence imposed for his conviction for possession with intent to distribute 50 grams or more of methamphetamine. He contends that the district court erred in denying him relief from the statutory minimum sentence under the safety valve and trial counsel was ineffective for failing to pursue his eligibility for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief under the safety valve and move for a downward departure based on coercion or duress.

Pursuant to the safety valve provisions in U.S.S.G. §§ 2D1.1(b)(16) and 5C1.2(a) and 18 U.S.C. § 3553(f), a defendant who provides information to the Government may be sentenced below the statutory minimum sentence if he meets five criteria. The fifth criterion, and the only one at issue in the instant case, requires the defendant to "truthfully provide[] to the Government all information and evidence the defendant has concerning the offense." § 5C1.2(a)(5); *see also* § 3553(f)(5).

Hernandez contends that the district court erroneously denied him safety-valve relief because the information he provided did not amount to substantial assistance. This argument is without merit. The district court did not mistakenly apply the substantial-assistance standard.

Next, Hernandez claims that he provided the Government with all the information he had about the offense, but he could not name the people involved because he did not have that information. The district court rejected this claim as incredible. This finding was plausible in light of the record viewed in its entirety and, therefore, not clearly erroneous. *See United States v. Towns*, 718 F.3d 404, 412 (5th Cir.), *cert. denied*, 2013 WL 3938986 (Oct. 7, 2013) (No. 13-131); *United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996). Hernandez had previously transported illegal drugs along a similar route as the instant offense and suspected that the people involved in the instant offense were the same people he had dealt with before. Accordingly, the district court did not err in denying Hernandez relief under the safety valve.

Hernandez did not raise his claims of ineffective assistance of counsel in the district court. Because the record is insufficiently developed to address these claims, these claims are denied without prejudice to Hernandez's right

13-40386

to pursue them in collateral review. *See United States v. Cervantes*, 706 F.3d 603, 621 (5th Cir. 2013).

The judgment of the district court is AFFIRMED.